The People of the State of New York, Plaintiff, *v.* John Cooper, Defendant.

County Court, Tompkins County, May 27, 1955.

*Frederick B. Bryant, District Attorney*, for plaintiff.

*Frank Bell* for defendant.

Stagg, J. The defendant has been indicted by the Grand Jury for the crime of carnal abuse of a child in that said defendant "indulged in indecent and immoral practices with the sexual part and organs of   *   *   *   an infant of the age of 10 years."

The defendant has demurred to the indictment on the ground that he cannot tell whether the crime alleged is for violation of section 483-a or 483-b of the Penal Law.

Section 483-a reads in part as follows: "Any person of the age of eighteen years or over who carnally abuses the body, or indulges in any indecent or immoral practices with the sexual parts or organs of a child of the age of ten years or under, shall be guilty of a felony".

Section 483-b reads in part as follows: "Any person who carnally abuses the body of a child of over the age of ten years and less than sixteen years of age, or who indulges in any indecent or immoral practice with the sexual parts or organs of

any such child, in a manner other than by an act of sexual intercourse, shall be guilty of a misdemeanor ''.

Prior to the amendment of 1950 (L. 1950, ch. 292), the pertinent portion of section 483-b read as follows: '' Any person who carnally abuses the body of a child of the age of ten years and over and less than sixteen years of age ''.

This language did present a conflict, since both sections included a child of ten years of age. The amendment, however, eliminated this overlap, and the legislative intent is now clear.

The language of section 483-a clearly encompasses two categories. First, a child of the age of ten years, and second, a child under ten years. Section 483-b includes but one category, a child of over the age of ten years, and less than sixteen.

Words in penal statutes are to be given their commonly accepted meaning. A child becomes ten years old upon reaching his tenth birthday and remains a child of the age of ten until he reaches his eleventh birthday. The language of section 483-a makes this abundantly clear. Had the Legislature intended to exclude from this section any child who has reached his tenth birthday the language used would have been '' less than ten years of age '', just as section 483-b uses the words '' less than sixteen years of age ''.

Reading the two sections together makes it clear that a child of ten years, that is, one who has not reached his eleventh birthday is included in the language of section 483-a, and that a child over the age of ten years, that is, one who has become eleven, is included in the language of 483-b.

The demurrer is overruled.