### IN RE JOHN R.

[No. 404, September Term, 1978.]

*Decided December 7, 1978.*

The cause was submitted on briefs to THOMPSON, LOWE and MELVIN, JJ.

Submitted by *John W. Sause, Jr., District Public Defender,* for appellant.

Submitted by *Francis Bill Burch, Attorney General, Paul T. Cuzmanes, Assistant Attorney General, Donaldson C. Cole, Jr., State's Attorney for Cecil County,* and *John L. Scarborough, Assistant State's Attorney for Cecil County,* for appellee.

LOWE, J., delivered the opinion of the Court.

The appellant was found delinquent by Judge J. Albert Roney, Jr. of the Circuit Court for Cecil County sitting as a juvenile court. The court found that the act appellant committed "which would be a crime if committed by an adult," Md. Cts. & Jud. Proc. Code Ann. § 3-801 (k) (Supp. 1978), constituted a violation of Md. Transp. Code Ann. § 14-104 (a) (1977). Section 14-104 (a) states in pertinent part:

"(a) In general. — A person may not:
(1) Willfully damage or tamper with any vehicle without the consent of its owner; . . . ."

The State concedes that there was no damage, and the issue turns upon whether appellant's conduct constituted "tampering." The State's case shows that the victim's vehicle had been parked in her driveway and locked for the night. Subsequently, shortly after midnight, a witness saw a person approach the victim's automobile. Although the witness could not see who the person was or what he was doing, he did see the interior light of the automobile illuminated.

The witness called the police who arrived propitiously. They detained the suspicious person, now identified as appellant, as he was moving away from the automobile. The witness could not "say for a fact that [he] seen him [appellant] in the car."

Recognizing that the judge could infer from this testimony that appellant had opened the car door, causing the light to come on, and conceding (if only for sake of argument) that he had entered the car, appellant argues here that there is no evidence of "tampering." Concisely stated, appellant contends that the statute presupposes a criminal intent that was not proven, and that the proscribed act implies some injury to the automobile "since the word 'damage' must be read as so closely linked with 'tamper' as to control its meaning."

The limited number of cases throughout the country provide us little guidance in interpreting our statute, partly because the statutes vary from state to state, and partly because the cases are factually decided. *See* Annot., 57 A.L.R.3d 606 (1974). We will, therefore, look to the intent of

our own Legislature to interpret it in relation to the facts before us.

## Intent

We do not agree that the State must prove any "criminal" intent on the part of one who tampers with a vehicle other than that he consciously intended to act (in the words of the statute) "without the consent of its owner." We note that in the related subsection (b) following § 14-104 (a), wherein the Legislature dealt with "[c]limbing on or manipulating mechanisms of [a] vehicle," an intent to commit a malicious mischief, damage, injury or crime is required for behavior to fall within the proscription. § 14-104 (b). Had the Legislature intended a similar mens rea to be a prerequisite to conviction for willfully damaging [1] or tampering, it surely would have included such language as it did for the climbing and manipulating offense.

## Tampering

*Ballentine's Law Dictionary* 1254 (3d ed. 1969) defines "tampering" as:

> "Meddling; interfering. Making corrupting or perverting changes. Foolish or trifling experimentation. United States v Tomicich (DC Pa) 41 F Supp 33.
> The word does not necessarily imply the commission of a criminal act. Keefe v Donnell, 92 Me 151 159 . . . ."

When the Legislature chooses contextually to criminalize such conduct we are not free to enlarge upon or restrict that which they have enacted. *Wheeler v. State,* 281 Md. 593, 596

---

1. Appellant does not argue that the adverb "willfully" modifies "tamper" as well as "damage," but to the extent that "willfully" connotes "[a]n act done intentionally, or on purpose, and not accidentally" or involuntarily, see *Ballentine's Law Dictionary* 1369 (3d ed. 1969), we act upon the premise that both verbs are so modified. *See generally* State v. Stodola, 257 Iowa 863 (1965).

(1977). In light of the Legislature's use of the disjunctive "or," it is clear that the inclusion of *tampering* as an offense was in contrast to that of *damaging* rather than conjunctively controlled by it. A disjunctive conjunction serves to establish a relationship of contrast or opposition. *See The American Heritage Dictionary of the English Language* 378 (1969).

The judge inferred from the car's light having gone on, with appellant in the immediate vicinity of the car door, that appellant "was the one who got in the car." Even that inference was not necessary to find tampering. The inference that it was appellant who consciously opened the locked car door would have been sufficient to meet the definition of tampering.

Sufficient evidence existed from which a factfinder could have found that appellant had violated the crime prohibited by Md. Transp. Code Ann. § 14-104 (a). Md. Rule 1086.

*Judgment affirmed.*
*Costs to be paid by the appellant.*