378 So.2d 4 (1979)
STATE of Florida, Appellant,
v.
Harry Earl CARROLL, Appellee.
No. 78-2279.
District Court of Appeal of Florida, Fourth District.
August 22, 1979.
As Amended On Rehearing January 9, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Mary E. Marsden, and John D. Cecilian, *5 Asst. Attys. Gen., West Palm Beach, for appellant.
Alan H. Schreiber, Public Defender, and Stuart M. Lerner, Asst. Public Defender, Fort Lauderdale, for appellee.
LETTS, Judge.
The State appeals a dismissal of an indictment charging the defendant with a sexual battery "upon ... a person eleven years of age or younger," the trial judge holding that the child, although not yet twelve, was at age eleven years nine months "over the age of eleven" and therefore not within Section 794.011(2), Florida Statutes (1977). We affirm.
Said subsection two provides that anyone who commits sexual battery upon "... a person 11 years of age or younger" commits a capital felony. No other sexual battery embraces the possibility of the death penalty so that our holding here is of the utmost gravity.
The trial judge's ruling held that the statutory phrase "eleven years of age or younger" is ambiguous and must be construed strictly against the State as provided in Section 775.021, Florida Statutes (1977). In the words of the judge, the child had lived beyond her eleventh birthday although she had not yet attained her twelfth.
There has been no Florida case on this point that we have discovered[1], but certainly there are cases from other jurisdictions which agree with Judge Kaplan's conclusion below. See State v. Linn, 363 P.2d 361 (Alaska 1961); Gibson v. People, 44 Colo. 600, 99 P. 333 (1909); Farrow v. State, 258 A.2d 276 (Del. 1969). A case with facts similar to the one before us is Knott v. Rawlings, 250 Iowa 892, 96 N.W.2d 900 (1959) in which a statute proscribing lewd and lascivious conduct with a child was discussed as follows:
A child is one year old on the first anniversary of his birth and is sixteen years old on the sixteenth anniversary. Before the sixteenth anniversary he is under the age of sixteen years and after that anniversary he is over the age of sixteen. Sixteen years is an exact and definite period of time. It does not mean or include sixteen years and six months. We should be realistic and not read something into the statute which is not there and which clearly was not intended to be there. This is a criminal statute and cannot be added to by strained construction.
"Of the age sixteen years" must be construed to mean just what it says, i.e.; sixteen years and not sixteen years, six months and three days. If, speaking in terms of money, one were to say "The fee or charge will be fifteen dollars or under" there would be no possibility of misunderstanding. To say that sixteen years and six months means the same as sixteen years is to play loosely with words which have a definite meaning. It has been suggested that when one is asked to state his age he gives only the age at the latest anniversary of his birth and does not add the additional months and days which a completely correct statement would require, and this is cited as indicating it is commonly accepted that one is sixteen until his seventeenth birthday anniversary. All such arguments are unsound.
When the legislature wrote "sixteen years" into the statute it intended the words to be construed according to their ordinary meaning. It is contended that when the legislature used the words "a child of the age of sixteen years, or under" it intended such words to mean "a child under seventeen years of age." That contention is answered by the fact that it chose the words "sixteen years, or under" in preference to the words "under seventeen years" which it would have used had it intended what the State maintains it intended. (96 N.W.2d at 901)
*6 It is hard to fault the analysis quoted above but it is equally hard to disagree with the language from the case of Covell v. State, 143 Tenn. 571, 227 S.W. 41 (1921) which said:
It is technically true that one reaches a particular age at a fixed or certain point of time, but, having attained the designated birthday, one's age, as ordinarily alluded to, continues as of the latter birthday until the succeeding one is reached ... [T]he year, and not the day, being the unit of measurement.
Moreover, in New York a similar statute to the one now before us was not construed as we do now, as follows:
Section 483-a reads in part as follows:
"Any person of the age of eighteen years or over who carnally abuses the body, or indulges in any indecent or immoral practices with the sexual parts or organs of a child of the age of ten years or under, shall be guilty of a felony."
Section 483-b reads in part as follows:
"Any person who carnally abuses the body of a child of over the age of ten years and less than sixteen years of age, or who indulges in any indecent or immoral practice with the sexual parts or organs of any such child, in a manner other than by an act of sexual intercourse, shall be guilty of a misdemeanor."
.....
The language of Section 483-a clearly encompasses two categories. First, a child of the age of ten years, and second, a child under ten years. Section 483-b includes but one category, a child of over the age of ten years, and less than sixteen.
Words in penal statutes are to be given their commonly accepted meaning. A child becomes ten years old upon reaching his tenth birthday and remains a child of the age of ten until he reaches his eleventh birthday. The language of Section 483-a makes this abundantly clear. Had the legislature intended to exclude from this section any child who has reached his tenth birthday the language used would have been "less than ten years of age," just as Section 483-b uses the words "less than sixteen years of age."
Reading the two sections together makes it clear that a child of ten years, that is, one who has not reached his eleventh birthday is included in the language of Section 483-a, and that a child over the age of ten years, that is, one who has become eleven, is included in the language of 483-b. People v. Cooper, 207 Misc. 845, 143 N.Y.S.2d 855 (Tompkins County Court 1955)
To us, the result of this Cooper case best reflects what we suspect the Florida Legislature intended. However we are not able to embrace all the reasoning. Taking the two pertinent sections of the Florida Statute we find the following language:
(2) A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
First examining subsection (3) above quoted, we ask ourselves the question: "Would a child of eleven years and nine months fit into this section?" Our answer is: "Yes." To us it would strain too much to conclude without possibility of ambiguity that "over the age of eleven" unequivocally means "twelve and over."
We next ask ourselves: "Does this same child of eleven years nine months also fit into subsection (2) quoted above?" Our answer is "Yes" again. In this latter instance, *7 we totally agree with the New York court's reasoning that an eleven year old child remains eleven until he is twelve.
It is therefore our conclusion that a child eleven years and nine months old can reasonably be construed to come within both subsections of the Florida Statute  a result that cannot have been intended. In consequence the subsections are ambiguous and must by statute be construed most favorably to the accused and against the State.
This judicial conclusion is the kind that makes common sense nerve endings tingle, for it seems obvious that the legislature, in subsection (2) really intended to say "under the age of twelve years" and in subsection (3) "twelve and over." Our concept of what was really intended is bolstered by the classic understanding that "In the civil and common law [puberty is] the age at which one becomes capable of contracting marriage ... in girls twelve years." Black's Law Dictionary 1392 (4th ed. 1951). It is also bolstered by examination of the old Florida Rape statute which limited the capital felony to "under the age of eleven" (§ 794.01(1) (1973)). Surely if the legislature changed the wording, from "under the age of eleven" to "eleven years or younger" it intended to expand the limits of the capital felony by one year. However, one is left to conjecture why on earth the legislature did not plainly say "under the age of twelve," especially since this very controversy has waxed in other jurisdictions for fifty years. Indeed this very jurisdictional split on the subject is what finally forces us to face the fact that there must be ambiguity, for if there were none there would likewise be no legal controversy. The legislature should take another look at this statute and amend it if they intended to include children under twelve in subsection two.
In the meantime this cause is remanded for appropriate prosecution, it certainly not being our intention that the appellant be discharged.
AFFIRMED AND REMANDED.
BERANEK, J., and CROSS, SPENCER C., Associate Judge, concur.
NOTES
[1] The problem was alluded to factually in Walker v. State, 351 So.2d 382 (Fla. 4th DCA 1977) but was not the issue before the court.