390 So.2d 744 (1980)
Carl Karol SANDERSON, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 78-2216/T4-248.
District Court of Appeal of Florida, Fifth District.
October 22, 1980.
Rehearing Denied December 4, 1980.
*745 Richard L. Jorandby, Public Defender, Jorge Labarga, Legal Intern, and Tatjana Ostapoff, Chief, Asst. Public Defender, Appellate Division, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Sanderson appeals from a judgment convicting him of kidnapping and three counts of sexual battery. He was sentenced to four concurrent life sentences. We affirm the convictions.
Sanderson was indicted for three counts of sexual battery committed upon [name deleted] a person (11) years or younger.[1] Sanderson sought to prove insanity as a defense. He admitted taking the child to an orange grove, hitting him, and forcing him to undress, but claimed he could not recall anything thereafter. The child testified Sanderson forced him into his car, drove him to the orange grove, beat him up and repeatedly sexually assaulted him. The child testified that he was eleven years and eight months old at the time of the offense. At the close of the state's case, the defense moved for a judgment of acquittal on the ground that the child's age was not corroborated by any testimony other than his own. Defense counsel did not renew the motion at the close of all the evidence, or after the jury returned its guilty verdict.
The appellant argues that the conviction should be reversed because the victim's age exceeded eleven years when the offense occurred, and he relies upon State v. Carroll, 378 So.2d 4 (Fla. 4th DCA 1979). Carroll is distinguishable because in this case the issue of sufficiency of the evidence was not preserved for appeal. The appellant's motion for judgment of acquittal at the close of the state's case did not specify the ground relied upon in this appeal, contrary to Florida Rules of Criminal Procedure 3.380(b), nor was it ever renewed.[2]Carter v. State, 380 So.2d 541 (Fla. 5th DCA 1980); G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1977), cert. denied, 348 So.2d 948 (Fla. 1977); Castor v. State, 365 So.2d 701 (Fla. 1978); Magueira v. State, 352 So.2d 587 (Fla. 3d DCA 1977).
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., and JAMIESON, FRANCES ANN, Associate Judge, concur.
NOTES
[1] Section 794.011(2), Florida Statutes (1977), provides that a person 18 years or older who commits a sexual battery upon a person 11 years of age or younger commits a capital felony.
[2] Appellant could also have preserved his point for appeal by a motion for new trial, but failed to do so. Mancini v. State, 273 So.2d 371 (Fla. 1973).