Edward C. SMITH, Administrator of the Estate of John M. Smith, Plaintiff,

v.

UNITED STATES of America, Defendant.

Edward C. SMITH, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 80–2278–N, 81–2977–N.

United States District Court, D. Massachusetts.

May 16, 1985.

Albert P. Zabin, Paul F. Leavis, Schneider, Reilly, Zabin, Connolly & Costello, Boston, Mass., for plaintiff.

Joan I. Milstein, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

DAVID S. NELSON, District Judge.

Plaintiff is suing the United States for damages for the wrongful death of his

twenty-one year old son, John M. Smith, which he sustained on September 22, 1979. Plaintiff filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674 and Md.Cts. & Jud.Proc.Ann.Code §§ 3-901-04. The Court allowed the motion of the plaintiff for partial summary judgment on the issue of liability on August 3, 1983. The Court tried the issue of damages and after careful consideration finds that judgment must enter against the United States for $138,185.00.

## FINDINGS OF FACT

1. The plaintiff is Edward C. Smith, Administrator of the Estate of John M. Smith, and Edward C. Smith in his individual capacity. The defendant is the United States of America.

2. John M. Smith (the "Decedent") died in an automobile accident in Bethesda, Maryland on September 22, 1979. At that time he was twenty-one years of age, his date of birth being July 31, 1958. The Decedent was a Lance Corporal in the United States Marine Corps at the time of his death, having entered the service on September 8, 1977. The Decedent never married and had no children. He was survived by his parents.

3. The Decedent never provided monetary support to his parents.

4. The Decedent was a skilled worker and made in kind contributions to his parents and their household.

5. At the time of his death, the Decedent was an in-patient at the National Naval Medical Center in Bethesda, Maryland.

## CONCLUSIONS OF LAW

This action is brought under 28 U.S.C. § 2674 and Md.Cts. & Jud.Proc.Ann.Code §§ 3-901-04. Through these statutes, the United States consents to be sued for damages that result in death, provided that the law in the place where the action occurred would recognize such a claim if brought against a private individual. There is no dispute that the Maryland Wrongful Death Statute is applicable to the instant case. Therefore, Edward C. Smith can recover against the United States, just as if the United States were a private individual.

Plaintiff contends that the total loss of value of the Decedent's contribution to the household is $141,836.00.[1] In support of this contention, plaintiff relies on the testimony of his expert Dr. Richard Weckstein. Dr. Weckstein arrived at this amount based on statistical descriptions of the value of work contributed by husbands with minor children such as cleaning and minor repairs, as well as considering the particular talents of the Decedent such as his skill as a carpenter and maintenance person. The data, however, makes no explicit provision for adult children who contribute to the household, does not take into account the amount of time the Decedent actually spent with his family or the possibility that, like many adults, John M. Smith might have relocated away from his family.

 Under Maryland law, a parent may recover "pecuniary loss" for the death of an unmarried child. See generally Md. Cts. & Jud.Proc.Ann.Code § 3-904. "Pecuniary loss" means the reasonable expectation of benefit from the continued life of the deceased; this would include the monetary value of labor and services to the parent. See Black's Law Dictionary 1018 (rev. 5th ed. 1979). In addition to "pecuniary loss" the plaintiff contends that he may recover damages for "mental anguish, emotional pain and suffering" and "loss of society." Md.Cts. & Jud.Proc.Ann.Code, § 3-904(e) (amended 1983). Although the parties stipulate that the age of majority in Maryland is eighteen, the above subsection is applicable where the unmarried child is twenty-one years old or younger. Id. at § 3-904(e)(1). The United States suggests that the plaintiff's recovery is limited to "pecuniary loss" pursuant to the law in

---

1. This amount represents the present discontinued value of household contribution over the period 1979 to 1991.

effect at the time of the Decedent's death.[2] This Court disagrees. The federal courts must apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or where there is clear statutory direction or legislative history to the contrary. *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *See United States v. Gennaro J. Angiulo*, 755 F.2d 969, at 970 (1st Cir.1985). This section became effective on July 1, 1983. Nothing in the statute suggests that this section does *not* apply. As for manifest injustice, the disappointment of the government's expectations that results from the implementation of this new rule must be balanced against public interest in the enforcement of that rule. *New England Power Co. v. United States*, 693 F.2d 239, 245 (1st Cir.1982). In fact, the government's reliance is minimal since the new rule had been in effect well over a year before arguments were heard in the instant case. Thus, the plaintiff's damages are not limited to the "pecuniary loss."

There being no question that the plaintiff suffered injury as a result of the death of his son, judgment will enter against the United States. Plaintiff's total loss, including compensation of $58,185.00 for the permanent loss of value of household contributions and $80,000.00 for suffering and mental anguish come to $138,185.00. Accordingly, judgment will enter against the United States for $138,185.00.

SO ORDERED.

---

2. Prior to 1983 recovery pursuant to the Maryland Wrongful Death Statute for a decedent who is not a minor was limited to the pecuniary loss resulting to his parents as a result of his death. § 3–904(d); *Barrett v. Charlson*, 18 Md.App. 80, 305 A.2d 166, 176 n. 10 (1973).