520 A.2d 1142

**Michael E. KEANE, et al.**

v.

**CAROLINA FREIGHT CARRIERS CORPORATION, et al.**

**No. 767, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Feb. 10, 1987.

Certiorari Granted June 22, 1987.

Bernard J. Sevel (Marc K. Sloane, on the brief), Balti-more, for appellants.

Robert E. Cahill, Sr. (Robert Cahill, Jr., on the brief), Baltimore, for appellees.

Argued before GARRITY, ROSALYN B. BELL and WENNER, JJ.

WENNER, Judge.

In this appeal we shall hold that the appellants, Michael E. Keane and Catherine Patricia Keane, have standing to recover damages under § 3–904(e)(1) of the Courts and Judicial Proceedings Article,[1] for their mental anguish, emotional pain and suffering, and loss of solatium, resulting from the death of their son, Gregory Keane, who was killed in an automobile accident caused by the negligence of the appellees. Gregory Keane was born on March 11, 1962 and died on November 7, 1983.[2] The jury awarded damages to the Keanes under counts 3 and 5 of the complaint for the mental anguish suffered by each of them because of the loss of their son.[3]

The appellees moved for judgment notwithstanding the verdict, or, in the alternative, a partial new trial with respect to that award. They contend that the Keanes lacked standing to recover damages under § 3–904(e)(1) of the Courts and Judicial Proceedings Article because Gregory was too old at the time of his death to permit them to recover under the statute. The trial court agreed with appellees and granted their motion for judgment notwithstanding the verdict, denied their motion for a new trial, and the Keanes appealed.

---

**1.** Part of the Wrongful Death Act found in Subtitle 9, §§ 3–901 *et. seq.* of the Courts and Judicial Proceedings Article.

**2.** In his memorandum and order the trial judge stated that "Gregory was 21 years 8 months old" at the time of his demise. To be more precise, he was 21 years, 7 months, 28 days old by the common law method of assessing age.

**3.** An award was also made in favor of Gregory Keane's estate to compensate it for the emergency medical and funeral expenses. No issues have been raised with respect to that award on this appeal.

## I.

Section 3–904(e) of the Courts and Judicial Proceedings Article[4] provides:

> *Damages if unmarried child, who is not a minor, dies.*
> —For the death of an unmarried child, who is not a minor child, the damages awarded under subsection (c) are not limited or restricted by the "pecuniary loss" or "pecuniary benefit" rule but may include damages for mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, or guidance where applicable if:
>
> (1) The child is 21 years old or younger; or
>
> (2) A parent contributed 50 percent or more of the child's support.

In granting appellees' motion for judgment notwithstanding the verdict the trial court concluded that subsection (1) precluded recovery by the appellants because Gregory Keane was killed after he had passed his twenty first birthday. We do not agree with that interpretation of the statute for reasons which we shall now explain.

We begin by reviewing the relevant principles governing statutory construction stated so succinctly by the Court of Appeals in *Schweitzer v. Brewer*, 280 Md. 430, 438–39, 374 A.2d 347 (1977):

> We have often said that the cardinal rule of construction of a statute is to effectuate the actual intention of the legislature. The criteria for the determination of this intention have been firmly established, and they were recently summarized in *Mazor v. State Department of Correction*, 279 Md. 355, 360–361, 369 A.2d 82 (1977). The primary source from which we glean the legislative intent is the language of the statute itself. When the intent is expressed in clear and unambiguous language, this Court will carry it out, if no constitutional guarantees

---

4. All future citations to specific sections of statutes will be to the Courts and Judicial Proceedings Article, unless otherwise noted.

are impaired. Words are granted their ordinary signification so as to construe the statute according to the natural import of the language used without resorting to subtle or forced interpretations for the purpose of extending or limiting its operation. If reasonably possible the parts of a statute are to be reconciled and harmonized, the intention as to any one part being found by reading all the parts together, and none of its words, clauses, phrases, or sentences shall be rendered surplusage or meaningless. Results that are unreasonable, illogical or inconsistent with common sense should be avoided whenever possible consistent with the statutory language. (footnote omitted)

■ Appellees correctly argue that the statutes involved in the case *sub judice* are in derogation of the common law and are to be strictly construed, *Cohen v. Rubin,* 55 Md. App. 83, 460 A.2d 1046 (1983), but "that does not mean the plain and obvious language of the legislature is to be overlooked particularly where such a construction would lead to an absurd result," *State v. Rice,* 24 Md.App. 631, 634–35, 332 A.2d 296, *cert. denied,* 275 Md. 755 (1975).

With these basic principles in mind, we look to the language of § 3–904(e)(1) to ascertain, if we can, the legislature's intent. Inasmuch as subsection (e)(1) provides for the recovery of damages for the death of an "... unmarried child, *who is not a minor* ..." (emphasis added), and who is "... 21 years old or younger ...", it is obvious that the legislature intended to permit recovery for the death of certain unmarried adult children. Our inquiry then is what did the legislature mean by the term "21 years old"? We believe the use of the word "or" after the phrase "21 years old" is significant to our inquiry because "or" is "[a] disjunctive conjunction [which] serves to establish a relationship of contrast or opposition," *In Re John R.,* 41 Md.App. 22, 25, 394 A.2d 818 (1978), and does not, therefore, control or affect the meaning of the words "21 years

old." [5]   Thus we believe the term "21 years old" is unambiguous, and we attribute to it "its ordinary and generally understood meaning." *In Re Criminal Investigation No. 1–162*, 307 Md. 674, 685, 516 A.2d 976 (1986); *accord, Mauzy v. Hornbeck*, 285 Md. 84, 400 A.2d 1091 (1979). We recognize, as a matter of common usage and understanding, that Gregory Keane, having passed his twenty first birthday but not having reached his twenty second birthday at the time of his death, was twenty one years old at the time of his death. *Covell v. State*, 143 Tenn. (16 Thompson) 571, 227 S.W. 41 (1921) (". . . in common acceptation one's age is spoken of as 21 until the arrival of the twenty-second birthday—the year, and not the day, being the unit of measurement.); *People v. Cooper*, 207 Misc. 845, 143 N.Y. S.2d 855, 857 (1955) ("A child becomes ten years old upon reaching his tenth birthday and remains a child of the age of ten until he reaches his eleventh birthday.") *Smith v. United States*,[6] 608 F.Supp. 1270, 1271 (D.C.Mass.1985) (Decedent having been born on July 31, 1958 and having died on September 22, 1979 was twenty one years of age at the time of his death.) *See also Wilson v. Mid-Continental*

---

**5.**   The trial court construed the entire phrase "21 years old or younger" "to exclude anyone who has passed their twenty first birthday," relying upon the reasoning in *Gibson v. People*, 44 Colo. 600, 99 P. 333 (1908) and a line of criminal cases which followed *Gibson.* In light of the availability of relevant civil cases directly on point, we think the trial court erred in relying so heavily on *Gibson* and its progeny because criminal statutes are always strictly construed in favor of the defendant. *Gatewood v. State*, 244 Md. 609, 617, 224 A.2d 677 (1966); *Knott v. Rawlings*, 250 Iowa 892, 96 N.W.2d 900 (1959). In addition, we find the rationale in *Gibson* to be neither sound nor persuasive. In construing the phrase "sixteen years of age or under", the *Gibson* court failed to focus on the exact language before it and instead hypothesized as to what the legislature "would have done" had it meant to define an age group different from the one which the court delineated.

**6.**   *Smith v. United States,* was a case brought under the same Maryland statute as the case *sub judice.* Although a different question was addressed in *Smith,* the district court properly permitted recovery by the parents of the decedent who died during the time period between his twenty first and twenty second birthdays.

*Life Ins. Co. of Oklahoma City,* 159 Okl. 191, 14 P.2d 945 (1932); *Watson v. Loyal Union Life Ass'n of Muskogee,* 143 Okl. 4, 286 P. 888 (1930). Indeed, we note that both the medical examiner's certificate of death and the Maryland Institute for Emergency Medical Services Systems' Discharge Summary list Gregory Keane's age as 21.

Since the clear purpose of the statute is to compensate the parents of certain unmarried non-minor children, and the children themselves are given no legal rights, we are unpersuaded by the appellees' argument that because the legislature has used the attainment of age twenty one to grant rights under other statutes (for example, the alcoholic beverage laws), we are therefore bound to limit recovery under § 3–904(e) to parents of children under twenty one; particularly when in drafting those other statutes, the legislature employed different terminology. *See,* Art. 27, § 400, 400A.[7] Moreover, inasmuch as the age of majority is eighteen, there is no reason to limit the age for which recovery may be had, as urged by the appellees, for decedents under what was formerly the age of majority in this State.

■ We hold that the Keanes are entitled to recover damages under § 3–904(e)(1) for their emotional pain and suffering. We shall, therefore, reverse the trial court's entry of judgment notwithstanding the verdict on counts 3 and 5 of the complaint, and order that judgment be entered on the original verdict. Rule 2–532.

## II.

In order to protect themselves in the event we reversed the trial court's granting of their motion for judgment notwithstanding the verdict, appellees filed a cross-appeal

---

7. We observe that the legislature well knows how to make itself clear. For example, in Cts. & Jud.Proc. § 3–801(c) and (d) an "adult" is defined as "... a person who is 18 years old and older ..." and a "child" is defined as "... a person under the age of 18 years." *See, also, Maryland Style Manual for Statutory Law,* Revisor of Statutes, General Assembly of Maryland, Department of Legislative Reference, 1985 Edition.

alleging error in the trial court's denial of their motion for a partial new trial as to counts 3 and 5 of the complaint. *See* Rule 2–532(f)(1).

It is within the trial court's discretion whether to grant a new trial or partial new trial, and the exercise of that discretion will not ordinarily be disturbed on appeal. *Mack v. State*, 300 Md. 583, 600, 479 A.2d 1344 (1984).

Appellees contend that Mr. Keane testified falsely concerning his marital status and address. After trial, appellees discovered that the Keanes were experiencing marital difficulties and that around the time of trial Mr. Keane had spent his nights at a place other than the family home, but when asked by the clerk to state his address he responded by giving the address of the family home. Mr. Keane also stated his marital status as married.

■ We agree with the trial court's conclusion that Mr. Keane's use of the family home address was not a fraud upon the jury as there was ample evidence that he had not abandoned the family home. We also agree with the lower court's determination that the Keanes' marital discord was of doubtful relevance inasmuch as the damage awards were to each of them individually for their own emotional suffering, and no award was made for damage to the "family unit." Indeed it is possible that evidence of marital discord might have been prejudicial to appellees, had the jury thought that Gregory Keane's death precipitated the Keanes' marital problems.

As there is no evidence of any decree of separation or divorce, nor even any pending action, the Keanes were "married" and Mr. Keane's statement to that effect was not false.

Furthermore, we do not view this as "newly discovered evidence" simply because it was discovered after trial. Upon our review of the record, we see no reason why the appellees could not have, prior to trial, discovered the information about which they complain.

We shall therefore affirm the denial of appellees' motion for a new trial.

JUDGMENT NOTWITHSTANDING THE VERDICT REVERSED AND JUDGMENT ENTERED IN FAVOR OF MICHAEL E. KEANE FOR $105,000 AND C. PATRICIA KEANE FOR $115,000. DENIAL OF MOTION FOR NEW TRIAL AFFIRMED.

COSTS TO BE PAID BY APPELLEES.