■ ANCHOR ARMORED DELIVERY, INC., Appellant, v CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, Respondent.—In an action, inter alia, for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiff under an insurance policy, the plaintiff appeals from an order of the Supreme Court, Queens County (Katz, J.), dated March 7, 1990, which denied its motion to strike the defendant's first affirmative defense alleging that a condition of the policy was breached.

Ordered that the order is affirmed, with costs.

The plaintiff insured is engaged in the business of providing

armored delivery service. In connection with its business, the insured obtained, through the defendant insurer, an insurance policy covering it for certain losses suffered in the operation of its business. The policy provided that when vehicles were carrying "amounts in excess of US$ 300,000", a three-person crew was required.

On September 19, 1988, robbers stole $261,739.12 in checks and $108,520.33 in United States currency from the insured's armored truck. At the time of the robbery, the truck had a two-person crew. The carrier disclaimed liability, and the insured commenced this action seeking a judgment declaring that the carrier is legally obligated to defend and indemnify it with respect to any actions brought against it as a result of the robbery on September 19, 1988.

In its answer to the complaint, the carrier asserted, as a first affirmative defense, that it was not liable to the insured for the insured's loss on September 19, 1988, because, in violation of a condition of the policy, the truck, which contained over $300,000, had a crew of two, rather than three, employees.

The insured moved to strike the affirmative defense, arguing that the term "US$ 300,000" in the policy meant cash only, and that because the truck contained only $108,520.33 in cash, the condition of the policy requiring three crew members did not apply.

The Supreme Court denied the motion. We agree with the Supreme Court that it is clear, upon a review of the policy, that the provision regarding "amounts in excess of US$ 300,000" was not intended to refer to cash only. In this respect, we note that the policy states it will cover the loss of "Cash and/or Notes and/or Valuables and the like". Moreover, the phrase "US$" is used throughout the policy to designate monetary amounts which are not necessarily cash. For example, the premium is listed as "US$ 10,000", and certain deductibles are listed as "US$ 250.00". Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.