BUREAU OF EMPLOYEE RELATIONS

v.

MAINE LABOR RELATIONS BOARD.

Supreme Judicial Court of Maine.

Argued June 1, 1992.
Decided July 15, 1992.

Sandra S. Carraher, Robert N. Moore (orally), Bureau of Employee Relations, Augusta, for appellant.

Judith A. Dorsey (orally), Maine Labor Relations Bd., Augusta, Stephen P. Sunenblick, Portland, for appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

The Bureau of Employee Relations appeals from a decision of the Superior Court (Kennebec County, *Alexander, J.*) affirming a decision of the Maine Labor Relations Board that affirmed and adopted the hearing examiner's unit clarification report. On appeal the Bureau challenges the Board's interpretation of section 979–A(6)

of the State Employees Labor Relations Act (SELRA), 26 M.R.S.A. §§ 979 to 979–Q (1988 & Supp.1991), that the six-month employment requirement to attain bargaining status may include time spent as a temporary state employee. We affirm the judgment.

In May 1989, Council 93 of the American Federation of State, County and Municipal Employees (AFSCME), the bargaining agent for the Institutional Services Unit of Maine Employees (ISU) filed a petition for unit clarification with the Maine Labor Relations Board. *See* 26 M.R.S.A. § 979–E. In its petition AFSCME sought *inter alia* a determination that the time spent in a temporary position by persons who later obtained a permanent position could be counted toward satisfaction of the six-month requirement of the SELRA's section 979–A(6)(E). The hearing examiner accepted AFSCME's position and the Bureau appealed to the Board. *See* 26 M.R.S.A. § 979–G(2). In February 1991, the Board affirmed and adopted the hearing examiner's report. The Superior Court affirmed the Board's decision and this appeal followed. AFSCME participated as a defendant in the Superior Court but did not participate in this appeal.

■ On appeal from a decision of the Superior Court acting as an intermediate appellate tribunal from an administrative hearing, we review the administrative decision directly. *See Kelley v. Commissioner, Maine Dept. of Human Servs.*, 591 A.2d 1300, 1303 (Me.1991). When the administrative agency's findings of fact are unchallenged, we review only for legal error. *Id.* Since the parties in this case stipulated to facts and exhibits, we will directly review the hearing examiner's decision for error of law.

SELRA is one of four public sector collective bargaining statutes administered by the Maine Labor Relations Board. It covers only executive department employees, and then only those employees who are not specifically excluded from the definition of "state employee." A "state employee" is defined as:

any employee of the State of Maine performing services within the executive department except any person:

. . . . .

**E.** Who has been employed less than 6 months; or

**F.** Who is a temporary, seasonal or on-call employee;

. . . . .

26 M.R.S.A. § 979–A(6). The Bureau contends that only time spent in a permanent position can be counted to satisfy the six-month requirement necessary to become a member of the bargaining unit. The Bureau argues that a person is included in a bargaining unit only if that person is *both* a nontemporary, nonseasonal, or non-on-call position *and* is employed in that non-temporary position for more than six months. That argument means that employment in a permanent position for six months is a prerequisite to membership in the bargaining unit regardless of prior temporary service. The hearing examiner found that the six-month requirement and temporary status exclusion in SELRA are separate exclusions that must be applied independently.

 The cardinal rule of statutory construction is that when the words of the Legislature are clear, they are to be given their plain meaning and further judicial interpretation is not necessary. *See Phelps v. President and Trustees of Colby College,* 595 A.2d 403, 405 (Me.1991); *Paradis v. Webber Hosp.,* 409 A.2d 672, 675 (Me.1979). In this instance, because the language of section 979–A(6) is sufficiently expressive of the legislative purpose, we need go no further. The Legislature joined the subsections at issue with the disjunctive "or." As a general rule, the use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately. Hence, language in a clause following a disjunctive is considered inapplicable to the subject matter of the preceding clause. Thus the six-month employment requirement of section 979–A(6) may include time spent as a temporary employee. In so concluding, we have applied the principle that a statute as plainly worded as section 979 must be construed without a forced interpretation designed to limit its scope.

The Bureau also contends that the Board's interpretation contravenes the intent of the Civil Service Law. *See* 5 M.R.S.A. §§ 7031–7085 (1989 & Supp.1991). Under the Civil Service Law the probationary period for all original appointments to classified service [1] shall be no less than six months. *See* 5 M.R.S.A. § 7051(5). In addition, the right to appeal and arbitrate a dismissal or suspension hinges on the employee's satisfactory completion of an initial probationary period. *See* 5 M.R.S.A. § 7051(7). Contrary to the Bureau's contention, however, there is no conflict between the Board's interpretation of SELRA and the Civil Service Law.

The entry is:

Judgment affirmed.

All concurring.

---

**1.** Classified service is defined as "all offices and positions of trust and employment in state service, except those placed in the unclassified service by chapter 71." *See* 5 M.R.S.A. § 7032 (1989).