260 N.J. Super. 464 (1992)
616 A.2d 1331
WILDWOOD STORAGE CENTER, INC., REGATTA MOTEL, INC., WILDWOOD SQUARE, INC., AND SIANA & DIDONATO, A NEW JERSEY PARTNERSHIP, PLAINTIFFS-RESPONDENTS,
v.
MAYOR AND COUNCIL OF THE CITY OF WILDWOOD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1992.
Decided December 1, 1992.
*466 Before Judges KING, LANDAU and THOMAS.
Frank L. Corrado argued the cause for appellant (Barry & Corrado, attorneys).
David A. Stefankiewicz argued the cause for respondents.
The opinion of the court was delivered by KING, P.J.A.D.
*467 This case concerns the right of a municipality to condition the issuance of a mercantile license, issued to property owners for the business purpose of renting properties, upon payment of their delinquent real estate taxes. We conclude that N.J.S.A. 40:52-1.2 permits the municipality to insist on payment of delinquent taxes before issuing property owners a license to rent their properties. We reverse the ruling of the Law Division.
This is the statute we are called upon to interpret:
Except as provided herein, the governing body of a municipality may, by ordinance, as a condition for the issuance or renewal of any license or permit issued by, or requiring the approval of, the municipality, require that the applicant, if he is the owner thereof, pay any delinquent property taxes or assessments on the property wherein the business or activity for which the license or permit is sought or wherein the business or activity is to be conducted. The ordinance may also provide for the revocation or suspension of a license or permit when any licensee, who is an owner of the property upon which the licensed business or activity is conducted, has failed to pay the taxes due on the property for at least three consecutive quarters. Upon payment of the delinquent taxes or assessments, the license or permit shall be restored. The provisions of this section shall not apply to or include any alcoholic beverage license or permit issued pursuant to the "Alcoholic Beverage Control Act," R.S. 33:1-1 et seq. [N.J.S.A. 40:52-1.2; L. 1987, c. 174 § 1; emphasis supplied.]
The italicized language is at the core of this dispute. As the Senate, County and Municipal Government Committee Statement accompanying the statute states, the statute "permits a municipality to require that an applicant for certain licenses or permits pay any property taxes and assessments due on the property if the applicant is the owner of the property whereon the licensed or permitted business or activity is to be conducted." Committee Statement, N.J. Assembly Bill No. 577, L. 1987, c. 174. The ordinance may also provide for revocation or suspension of licenses or permits upon delinquencies of at least nine months. Id. The statute does not apply to alcoholic beverage licenses. The Committee Statement also alludes to cognate provisions in the Municipal Land Use Law, N.J.S.A. 40:55D-1 to -129, which authorize municipalities to adopt local *468 ordinances which condition the issuance of planning and zoning board approvals on payment of delinquent taxes or assessments.
The pertinent local legislation is the City of Wildwood's Ordinance 55-84, enacted on September 5, 1984, recorded at Wildwood, N.J.Rev.Gen.Ordinances § 2-28.2 which says in relevant part:
No Mercantile License, ... shall be issued to any person, persons or corporation seeking to operate any business which requires the issuance of such license... unless the Applicant therefor has first submitted sufficient proof ... that there are no delinquent local real property taxes outstanding upon the land and/or premises upon which the business applying for such ... License shall be proposed to operate within the City of Wildwood.
The City's ordinances prohibit conducting any business without a mercantile license. Rev.Gen.Ordinance § 7-1.1. The definition of "conducting a business" within the City of Wildwood specifically includes "the rental of sleeping accommodations, and the rental of all other real property." Id. at § 7.7-2a. The "rental of real property" is thus a "classified business" requiring a mercantile license in the City of Wildwood. We see no impediment to the City's decision here to license the rental of all real property under N.J.S.A. 40:52-1's general licensing powers which specifically include many enumerated businesses such as living facilities, various types of stores, places of public accommodation and generically "all other kinds of business conducted in the municipality other than herein mentioned, and the places and premises in or at which the business is conducted or carried on...." N.J.S.A. 40:52-1(g). This enabling language is all embracing.
The plaintiffs here are three corporations and one partnership which own commercial properties in Wildwood. Plaintiffs rent their properties to tenants which operate businesses at the leased premises. The tenants include: the Old Philadelphia Pretzel Co., a pretzel manufacturer; the New Jersey Transit Corp., a bus station operator; and Regatta Motel, Inc., and Thomas DiDonato, parking lot operators. The City refused to issue these plaintiffs the mercantile licenses required for the *469 rental of real property under Wildwood Ordinances 55-84 and 260-90 because they were delinquent in property taxes. The physical condition of the property was not in issue. From this record we assume that the delinquent properties were in full compliance with local maintenance codes.
Upon the City's refusal to issue mercantile licenses, the tax-delinquent property owners filed this suit. The Law Division judge ruled on summary judgment cross-motions that City Ordinance 55-84 did not permit withholding mercantile licenses because the rental of real property was not "an activity or business covered by N.J.S.A. 40:52-1.2." He also ruled that the State tax code, N.J.S.A. 54:5-1 to -129, preempted the City's attempt to use N.J.S.A. 40:52-1.2 to compel collection of real estate taxes from delinquent owners, relying on Ocean County Bd. of Realtors v. Borough of Beachwood, 248 N.J. Super. 241, 590 A.2d 736 (Law Div. 1991).
Counsel for the City stressed in the Law Division and on this appeal that use of this State and local statutory stratagem to compel collection of delinquent taxes from property owners in the business of renting real estate is essential to a resort community like Wildwood with a substantial number of rental properties, perhaps as high as 50% of all real estate in the City. The City initially included the rental of real estate as a mercantile business subject to the annual licensing scheme as a means of making sure that rental properties were subjected to periodic inspection and kept up to building code standards. The City officials contend that the ordinance requiring renters of real property to obtain this mercantile license was "the way that the City has determined that it can most effectively enforce the codes in the case of rental property." Before this ordinance, code inspection only occurred when title was transferred or new construction or renovation was undertaken. The annual licensing system gives better control over absentee landlords and the licensing fees pay for the code inspections.
*470 The adoption of N.J.S.A. 40:52-1.2 in 1987 gave the City the opportunity to use the mercantile licensing of rental properties as a mechanism to insure payment of delinquent real estate taxes. The City officials urge that the Law Division judge's construction of N.J.S.A. 40:52-1.2 was too grudging and restrictive. We agree that the statute should be construed with a more generous appreciation of its purpose: to motivate payment of delinquent taxes on commercial real estate. The Law Division judge's construction defeats the salutary purpose of the statute for a substantial portion of commercial rental property in towns like Wildwood with a high percentage of rental properties and the consequent potentials for tax delinquencies. This is especially so since N.J.S.A. 40:52-1.2 only authorizes a municipality to withhold a license or a permit from an "owner" who is tax-delinquent; the City has no power under the statute to withhold any license or permit of a tenant of a delinquent owner. Wildwood Ordinance 55-84 does seem to contemplate withholding any mercantile license at all, an owner's or a tenant's, but N.J.S.A. 40:52-1.2 clearly approves this sanction against the "owner thereof" only.
The plaintiff's principal argument is that the rental of property is not itself a "business or activity for which the license or permit is sought or wherein the business or activity is to be conducted" within the meaning of N.J.S.A. 40:52-1.2. The plaintiffs thus contend that the statute only applies, in effect, to "owner-operated" businesses. This construction substantially eviscerates the statute and defeats its utility to compel payment of taxes for properties with tenant-operated businesses. We do not think that the Legislature intended this narrow a result where a municipality has chosen, with sound reason, to require mercantile licensing for owners who rent the commercial use of their properties.
A court's duty in interpreting a statute is to give effect to the legislature's intent. We must consider "the language of the statute, the nature of the subject matter, the *471 contextual setting, the policy behind the statute, statutes in pari materia, and concepts of reasonableness." County of Essex v. Waldman, 244 N.J. Super. 647, 656, 583 A.2d 384 (App.Div. 1990), certif. denied, 126 N.J. 332, 598 A.2d 890 (1991). The various canons or maxims of statutory construction are tools not icons. See Gangemi v. Berry, 25 N.J. 1, 11, 134 A.2d 1 (1957).
On the language of the statute, the provision at issue in the text of N.J.S.A. 40:52-1.2 is: "on the property wherein the business or activity for which the license or permit is sought or wherein the business or activity is to be conducted." Both parties argue over the technical meaning of the disjunctive clause "or" and the word "wherein." The judge concluded that the two phrases (before and after the "or") were "referring to the same thing."
The word "or," while normally used to indicate disjunctive clauses, State v. Duva, 192 N.J. Super. 418, 421, 470 A.2d 53 (Law Div. 1983), has often been interpreted to mean the conjunctive if this is more consistent with legislative intent. See, e.g., State v. Holland, 132 N.J. Super. 17, 331 A.2d 626 (App.Div. 1975). To interpret "or" as conjunctive, however, is different from interpreting the two phrases, before and after the "or" to mean the "same thing." Our Supreme Court has cautioned that "courts are to avoid constructions that make statutory provisions redundant or meaningless." State v. Wright, 107 N.J. 488, 502, 527 A.2d 379 (1987). The only way to give some effect to both phrases in this statute is to interpret them generously so they have different meanings. Although we will never know exactly what the legislature intended by using the specific words "or" and "wherein," in order to give each portion of the statute some meaning, we must interpret the statute generously. The more important analysis, however, involves the other criteria of statutory interpretation discussed in Waldman.
*472 On the nature of the subject matter, N.J.S.A. 40:52-1.2 is an enabling statute which delegates State authority to municipalities. In this regard, N.J. Const. art. IV, § 7, ¶ 11 states that "any law concerning municipal corporations ... shall be liberally construed in their favor." This provision "is applicable in determining the constitutionality of an ordinance licensing and regulating mercantile and other businesses and occupations." Trombetta v. Atlantic City, 181 N.J. Super. 203, 220, 436 A.2d 1349 (Law Div. 1981), aff'd o.b., 187 N.J. Super. 351, 454 A.2d 900 (App.Div. 1982).
This constitutional directive to liberally construe statutes concerning municipal powers augurs in favor of upholding the City's use of Ordinance 55-84 in conjunction with N.J.S.A. 40:52-1.2 to permit denial of the tax-delinquents' business licenses. Generally, our courts are cautious in finding a delegation of authority to municipalities but once that delegation is manifest, we opt for liberal interpretation. See, e.g., Holmdel Builders Ass'n v. Township of Holmdel, 121 N.J. 550, 566, 583 A.2d 277 (1990). In the present case there is no doubt that the State delegated authority to municipalities by enacting N.J.S.A. 40:52-1.2. Because this delegation of power to compel tax payment is clear, we should not interpret it grudgingly.
On the policy behind the statute, the judge summarized his interpretation of the philosophy of the statute: "The statute is there to prevent the nonpayment of taxes where some type of activity is taking place at the premises. If the premises remain vacant, I don't see ... where the legislature would want the municipality to have the interest to go after the taxes." The judge appeared to think that the statute should only apply where viable businesses owned and operated by the property owner flourished on the properties.
This policy goal is not disclosed in the text of the statute itself or in the legislative history. In fact, the policy of the statute appears broader. Assemblyman Bryant's Sponsor's Statement which accompanied the bill stated, "This bill would *473 permit municipalities to refuse to issue, reissue, revoke or suspend the business licenses and activity permits of property owners who have failed to pay their property taxes or assessments for three consecutive quarters." N.J. Assembly Bill No. 577 (1986). This simple, straightforward statement summarizes to us the obvious intent of the statute.
The legislature intended to prevent delinquent tax-payers from profiting at the expense of the municipality. This profit results from receipt of municipal services without paying taxes. The Committee Statement accompanying the bill mentions parallel tax-collection enforcement provisions in the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -129. The MLUL specifically gives municipalities the option to adopt ordinances which condition approval of any subdivision, site plan, or planned development application upon the payment of due or delinquent taxes. N.J.S.A. 40:55D-39(e). The same option applies for municipal zoning approvals. N.J.S.A. 40:55D-65(h).
The inescapable conclusion is that N.J.S.A. 40:52-1.2 was intended to mirror these MLUL provisions. N.J.S.A. 40:52-1.2 must be interpreted so that property owners will not benefit from the services of the municipality without paying their taxes. Indeed, when taxes are not paid and the delinquency rate rises, responsible taxpayers are compelled to shoulder an unfair, higher tax burden through increased rates. The legislative purpose was to allow municipalities to prevent the business use or development of real estate when the owner does not discharge the responsibility of paying taxes. The ruling in the Law Division severely crimps this design; under it, property owners who lease to tenant-operated business can avoid the sting of license denials.
The judge expressed some concern that the City's Ordinance could be applied to further discourage property owners whose buildings did not meet code standards from fixing their properties. We do not think that this is a legitimate judicial concern. *474 Our review of the City's licensing ordinances indicates, for example, that an owner has an abatement period of one year to correct code violations before a license can be revoked or denied in the first instance. Wildwood, N.J., Rev.Gen.Ordinances §§ 7-1.13 & 7-1.14. The judge also seemed concerned that refusal of rental licenses by the City to property owners could unnecessarily discourage return of vacant property to economically productive use. But this public policy decision is for the legislature and the local governing body, not the judiciary. The wisdom of economic policy is determined by the politically responsible branches of government in our system, not by the judiciary.
We see no need to reach the preemption issue since we conclude that the Legislature has specifically authorized a municipality to withhold mercantile licenses from tax-delinquent owners for the rental of properties to tenant-operated business under N.J.S.A. 40:52-1.2. This specific delegation of power cures any preemption objection. The Legislature has obviously been thoughtful and selective, providing for an alcoholic beverage exclusion in N.J.S.A. 40:52-1.2 in deference to that subject's detailed, preemptive regulatory scheme while also permitting sanctions against tax-delinquents in certain other commercial land use and development contexts, i.e., planning and zoning approvals. Rather than using the State tax code as the City's sole remedy to protect the public fisc, we conclude that the Legislature gave the City of Wildwood an additional, specific and perhaps formidable tax collection remedy, the clout to withhold mercantile licenses from property owners who rent.
We conclude that Ocean County Bd. of Realtors v. Borough of Beachwood, 248 N.J. Super. 241, 590 A.2d 736 (Law Div. 1991), is irrelevant because N.J.S.A. 40:52-1.2 specifically gives the City of Wildwood the power to adopt an ordinance denying a tax delinquent owner any mercantile license, including a license for the rental of real property for a tenant-operated *475 business. The City has exercised that power properly in Ordinances 55-84 and 260-90.
Reversed.