286 N.J. Super. 348 (1996)
669 A.2d 279
BUILDERS LEAGUE OF SOUTH JERSEY, INC., A NEW JERSEY NON-PROFIT CORPORATION, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF PINE HILL, IN THE COUNTY OF CAMDEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE MAYOR AND BOROUGH COUNCIL OF THE BOROUGH OF PINE HILL, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1995.
Decided January 9, 1996.
*349 Before Judges HAVEY, CONLEY and BRAITHWAITE.
John Philip Maroccia, Municipal Attorney, argued the cause for appellants (Mr. Maroccia, on the brief).
Robert M. Washburn argued the cause for respondent (Sherman, Silverstein, Kohl, Rose & Podolsky, attorneys; Mr. Washburn, of counsel and on the brief).
The opinion of the court was delivered by HAVEY, P.J.A.D.
Defendants, the Borough of Pine Hill and its governing body, appeal from a summary judgment declaring invalid the Borough's ordinance which requires, as a condition for the issuance of a building permit, the payment of past-due real estate taxes on the subject property. The motion judge concluded that the Uniform Construction Code Act (UCCA), N.J.S.A. 52:27D-119 to -141, *350 preempts the ordinance. The judge's conclusion is consistent with a 1980 Law Division opinion which so held. Home Builders League v. Township of Evesham, 174 N.J. Super. 252, 262, 416 A.2d 81 (Law Div. 1980).
During oral argument before us defendants relied exclusively upon N.J.S.A. 40:52-1.2 (Section 1.2), which was enacted after the Home Builders decision and which, defendants claim, provides express statutory authority for the Borough's ordinance. Section 1.2 provides:
Except as provided herein, the governing body of a municipality may, by ordinance, as a condition for the issuance or renewal of any license or permit issued by, or requiring the approval of, the municipality, require that the applicant, if he is the owner thereof, pay any delinquent property taxes or assessments on the property wherein the business or activity for which the license or permit is sought or wherein the business or activity is to be conducted. The ordinance may also provide for the revocation or suspension of a license or permit when any licensee, who is an owner of the property upon which the licensed business or activity is conducted, has failed to pay the taxes due on the property for at least three consecutive quarters. Upon payment of the delinquent taxes or assessments, the license or permit shall be restored. The provisions of this section shall not apply to or include any alcoholic beverage license or permit issued pursuant to the "Alcoholic Beverage Control Act,"....
[Emphasis added.]
Defendants focus on the words "any ... permit" and "business or activity" in arguing that Section 1.2 includes building "permits" required for the "activity" of construction, and that this specific delegation of power cures any pre-emption objection based upon the UCCA. See Wildwood Storage Center, Inc. v. Mayor and Council of Wildwood, 260 N.J. Super. 464, 474, 616 A.2d 1331 (App.Div. 1992).[1] Defendants concede that, if Section 1.2 does not apply, the ordinance is pre-empted by the UCCA. Therefore, we do not address the pre-emption issue.
The motion judge concluded, and we agree, that Section 1.2 does not confer authority upon a municipality to require payment *351 of real estate taxes as a condition for the issuance of a building permit. The Section, adopted in 1987 (L. 1987, c. 174, § 1), is part of Chapter 52 which is captioned "Licenses." The leading Section of that Chapter, N.J.S.A. 40:52-1, is entitled "Power to license." That Section delegates to municipalities the power to "make ... and enforce ordinances to license and regulate" specific businesses and activities such as peddlers, hotels, rented housing or living units, theaters, and specified merchants and commercial establishments. N.J.S.A. 40:52-1g, for example, permits the regulating and licensing of stores which sell "goods and chattels of every kind, and all other kinds of business conducted in the municipality ... and the places and premises in or at which the business is conducted and carried on." (Emphasis added.) N.J.S.A. 40:52-2 authorizes the municipality to fix fees for these "licenses, which may be imposed for revenue." The overriding purpose of the two Sections, read together:
was to authorize municipalities to license and regulate, as police measures for the public health, safety, morals or welfare, the local businesses described therein, and only incidentally to impose on the businesses thus licensed and regulated license fees for revenue which may, at least within reasonable limits, exceed the regulatory costs.
[Salomon v. City of Jersey City, 12 N.J. 379, 390, 97 A.2d 405 (1953) (emphasis added).]
In short, it is clear that Chapter 52 is intended to authorize the licensing of specifically enumerated merchants and businesses for the purposes of regulating them and generating revenue.
Section 1.2 is a supplement to N.J.S.A. 40:52-1. See 1A Norman J. Singer, Sutherland Statutory Construction § 21.03 (5th ed. 1993). Therefore, "the new act [Section 1.2] will be interpreted in para materia with existing law and the location of the new statute in the code will necessarily be considered as some indication of what is the related legislation." Ibid. Consequently, the sense of the Section is to be gleaned not only from its objective and the subject matter which it covers, but also from its "contextual setting." Giles v. Gassert, 23 N.J. 22, 33, 127 A.2d 161 (1956); see also In re Rehabilitation of Mut. Benefit Life Ins. Co., 258 N.J. Super. 356, 375, 609 A.2d 768 (App.Div. 1992). The import of *352 the phrase "business or activity," used in Section 1.2, is controlled accordingly. Loboda v. Township of Clark, 40 N.J. 424, 435, 193 A.2d 97 (1963).
Considering Section 1.2 in its statutory context as a supplement to N.J.S.A. 40:52-1, its reference to "business or activity" sensibly must refer to the types of merchants and businesses expressly enumerated under N.J.S.A. 40:52-1. The construction of a building, although an "activity," is neither expressly nor impliedly included within the businesses and activities described in that Section. Simply put, municipalities are not authorized to issue building permits under Chapter 52; the "activity" of constructing buildings is regulated pursuant to the demanding standards of the UCCA. It therefore follows that Section 1.2 does not apply to the issuance of building permits.
Moreover, to find that the issuance and revocation of building permits falls within the coverage of Chapter 52 would result in a direct conflict between that Chapter and the UCCA. As stated, N.J.S.A. 40:52-2 permits the governing body to fix fees by ordinance for the purpose of raising revenue. If building permits were contemplated by this provision, the Section would conflict with the UCCA, specifically N.J.S.A. 52:27D-126a, which provides that the fees collected for building permits "shall not exceed the annual costs for the operation of the enforcing agency." Statutes in apparent conflict must be construed to be in harmony if reasonably possible. 2B Sutherland, supra, § 51.02; Flexx Petroleum Corp. v. Director, Div. of Taxation, 12 N.J. Tax 1, 13-14 (Tax 1991). The only way to achieve that harmony is to construe Section 1.2 as being inapplicable to the issuance of building permits.
Defendants cite Wildwood Storage, supra, as supportive of their view. In Wildwood Storage, supra, 260 N.J. Super. at 468, 616 A.2d 1331, plaintiffs were owners of commercial properties. They leased the properties to merchant-tenants who operated businesses there. Ibid. We held that Section 1.2 permits a municipality "to insist on payment of delinquent taxes before issuing *353 property owners a license to rent their properties." Id. at 467, 616 A.2d 1331. We rejected plaintiffs' argument that the "business or activity" referred to in Section 1.2 was limited to "owner-operated businesses," concluding that such a construction would "substantially eviscerate[] the statute and defeat[] its utility to compel payment of taxes for properties with tenant-operated businesses." Id. at 470, 616 A.2d 1331. Similarly, we rejected the notion "that the Legislature intended this narrow a result where a municipality has chosen, with sound reason, to require mercantile licensing for owners who rent the commercial use of their properties." Ibid. (emphasis added).
Wildwood Storage is distinguishable because it involved a "mercantile license" and application of Section 1.2 to the "business" of renting commercial property. Notably, the merchant-tenants were of a type subject to the general licensing powers of the municipality under Chapter 52. The Wildwood Storage court was simply making the point that, since Section 1.2 did not permit a municipality to withhold a license from the merchant-tenant of a tax-delinquent owner, the Section's salutary purpose would be advanced by applying it to the property owner. Id. at 470, 616 A.2d 1331. Since the "activity" of constructing buildings is not within the purview of Chapter 52, Wildwood Storage is not dispositive.
Finally, defendants argue that, because Section 1.2 expressly excludes any license or permit issued pursuant to the Alcoholic Beverage Control Act (ABCA), N.J.S.A. 33:1-1 to -96, we must conclude that the Section includes all other licenses or permits including building permits. The most that can be said for this argument is that the specific exclusion of mercantile licensees holding liquor licenses may imply that the other merchants enumerated under N.J.S.A. 40:52-1 are subject to Section 1.2. Since building permits are not controlled by N.J.S.A. 40:52-1, the ABCA exclusion is irrelevant.
Affirmed.
NOTES
[1] In fact, the statutory authority referred to in Pine Hill's ordinance is N.J.S.A. 40:55D-39e, not Section 1.2. N.J.S.A. 40:55D-39e is clearly inapplicable since it only permits land-use ordinances to require proof that real estate taxes are paid as a condition for subdivision or site plan approval.