Mark H. SCOTT, Appellant,

v.

UNITED STATES, Appellee.

No. 95-CF-111.

District of Columbia Court of Appeals.

Argued Feb. 13, 1996.

Decided March 11, 1996.

day suspension as reciprocal discipline for the misconduct in Maryland that is at issue here.

**580**

April L. Downs, for appellant.

Anna Matheson, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Assistant United States Attorney, were on the brief, for appellee.

Before WAGNER, Chief Judge, and FARRELL and REID, Associate Judges.

FARRELL, Associate Judge:

This appeal from appellant's conviction primarily for obstruction of justice (D.C.Code § 22–722(a)(2) (1989 repl., 1995 cum. supp.)) presents the single question of whether the trial judge properly defined that offense in instructing the jury. We hold that the instruction given properly mirrored the law on the facts of this case. We therefore affirm.

The government's theory was that appellant had obstructed justice by sending Sherice Brown threatening letters designed to dissuade her from testifying against him in criminal proceedings that arose from a complaint of (among other things) rape which she had filed against him. The evidence on the obstruction charge, the sufficiency of which appellant does not directly attack,[1] consisted primarily of three letters appellant wrote to Brown while he was in jail before trial. In each letter he urged her to "drop the charge on me" or not to testify against him. In the third letter, he went further and warned her that if she testified against him, the government would end up imprisoning her as well and they would "put [her] kids up for adoption quick"; he concluded by telling her "you better leason [sic; listen] to what I told you Sherice." While it is not obvious from the letters that appellant was threatening Brown with violence or other actions on his part, the letters provided legally sufficient evidence of his repeated attempt to intimidate her, in part by pointing to real or imaginary consequences she would suffer at the government's hands if she testified against him. Cf.

*Riley v. United States,* 647 A.2d 1165, 1173 (D.C.1994) (merely telling witness "Don't tell them nothing" violated obstruction statute).

The sole issue on appeal arises from the trial judge's conclusion that the relevant provision of § 22–722(a)(2), as amended by the legislature in 1993, provides for three separate ways in which a person may "endeavor[ ] to influence, intimidate, or impede a witness," thereby violating the obstruction statute. In relevant part, the statute provides:

> (a) A person commits the offense of obstruction of justice if that person:
>
> \* \* \* \* \* \*
>
> (2) Knowingly uses intimidating or physical force, threatens or corruptly persuades another person, or by threatening letter or communication, endeavors to influence, intimidate, or impede a witness or officer in any official proceeding, with intent to:
>
> (A) Influence, delay or prevent the truthful testimony of the person in an official proceeding;
>
> (B) Cause or induce the person to withhold truthful testimony or a record, document, or other object from an official proceeding;
>
> \* \* \* \* \* \*
>
> (D) Cause or induce the person to be absent from a legal official proceeding to which the person has been summoned by legal process.

The trial judge read § 22–722(a)(2) to say that a person can violate it by any one of three means: by use of intimidating or physical force, *or* by threats or corrupt persuasion, *or* by threatening letter or communication, so long as in each case the intent is to influence, delay, or prevent the truthful testimony of another in a court proceeding. As there was no evidence that appellant had used "intimidating or physical force" in threatening Ms. Brown, the judge found the first means inapplicable and did not mention it in the jury instructions. Although appellant's communi-

---

1. As pointed out later, appellant argues only that the marginal nature of the proof that he "threatened" Ms. Brown underscores the prejudice he suffered from the trial court's failure to instruct on obstruction in the manner he desired.

cations arguably fell within the second means, "corrupt persuasion," *cf. Riley, supra* (by telling witness "Don't tell them nothing," defendant " '[c]orruptly ... endeavor[ed] to influence' ... a witness"), the government eschewed that theory and instead submitted an instruction which the judge gave verbatim, as follows:

> As to the charge of obstructing justice, the elements of that offense, each of which the Government must prove beyond a reasonable doubt, are as follows: And there are four elements to this offense[:]
>
> First, that at the time of the alleged act, there was a court proceeding pending in the Superior Court of the District of Columbia in which the complainant had an official duty to perform[;]
>
> Secondly, the Government must prove that at the time of the alleged acts, the complainant was a witness in the Superior Court of the District of Columbia[;]
>
> Third, the Government must prove that at the time of the alleged acts, the defendant knew that the complainant was a witness in the Superior Court of the District of Columbia[;]
>
> Fourthly, the Government must prove that the defendant *knowingly and by threatening letter or communication endeavored to influence or intimidate or impede the complainant* with the specific intent to either influence, delay or prevent the truthful testimony of the complainant in the court proceeding, or cause or induce the complainant to be absent from the court proceeding to which the person has been summoned by legal process.

> \* \* \* \* \* \*

> The term ["]threats["] means any words or actions having a reasonable tendency to intimidate the ordinary person. [Emphasis added.]

Appellant argues that by reciting only the language "threatening letter or communication" from § 22–722(a)(2), the judge reduced the government's burden of proof. He contends that the omitted portions of that sec-tion—in particular its reference to "intimidating or physical force"—should have been recited because they "color the phrase 'by threatening letter or communication' " and insure that only "substantial" threats, *i.e.*, presumably those warning of violence, are found to be within the reach of the statute.

 We reject this argument. The trial judge correctly analyzed § 22–722 as setting forth three alternative, if somewhat overlapping, forms of conduct any one of which violates the statute if carried out with the requisite intent. Thus, in order to decide whether appellant sent a threatening letter within the meaning of the statute, the jury did not also have to decide or even consider whether he used intimidating or physical "force." Appellant's contrary reading ignores the normal disjunctive meaning of the word "or" which precedes the statutory phrase "threatening letter or communication." "[W]hen the word 'or' is used in a statute, it is presumed to be used in the disjunctive sense, unless [the] legislative intent is clearly to the contrary." *Armintrout v. People*, 864 P.2d 576, 581–82 (Co.1993) (en banc). "[T]he Legislature's use of the disjunctive 'or' ... serves to establish a relationship of contrast or opposition." *In re John R.*, 41 Md.App. 22, 394 A.2d 818, 820 (1978).[2] *See also Wildwood Storage Center, Inc. v. Mayor & Council of the City of Wildwood*, 260 N.J.Super. 464, 616 A.2d 1331, 1334 (A.D.1992); *Bureau of Employee Relations v. Maine Labor Relations Bd.*, 611 A.2d 59, 61 (Me.1992).

Furthermore, "us[ing] intimidating or physical *force* " (emphasis added) is obviously a different act than sending a "threatening letter or communication," so that it would make no sense to tell a jury that the presence or absence of the former ("force") determines or is even relevant to whether the defendant did the latter. *See Abdulshakur v. District of Columbia*, 589 A.2d 1258, 1266 (D.C.1991) ("[c]ourts [must] avoid interpretations of statutes which lead to implausible results"). Finally, as indicated, the legislature added the phrase "by threatening letter

**2.** For this reason, even the statutory phrase "threatens *or* corruptly persuades another person" (emphasis added) may be said to define two different ways in which the statute is violated. *Cf. Riley, supra.*

or communication" as part of the 1993 revision of the obstruction statute. Its purpose in doing so was to expand the range of conduct falling within that prohibition. *See* COUNCIL OF THE DISTRICT OF COLUMBIA, REPORT ON THE "LAW ENFORCEMENT WITNESS PROTECTION AMENDMENT ACT OF 1992," at 2 (May 20, 1992).[3] Requiring a threatening communication to embody a degree of menace somehow equivalent to actual physical force would be contrary to that purpose. Moreover, nothing in the statutory change suggests that the Council meant to depart from the existing definition of "threat" as any words or actions having a reasonable tendency to intimidate an ordinary person.[4]

We reject as well appellant's belated claim at oral argument that omission of the statutory adverb "corruptly" somehow eased the government's burden of proof. The instruction allowed conviction only if the jury found that appellant had "the specific intent to either influence, delay or prevent the truthful testimony of the complainant in the court proceeding." That is all "corruptly" means in this context. *See Riley,* 647 A.2d at 1173; *cf.* Instruction No. 4.81(A), *supra* note 4 ("The term 'corruptly' means with an improper motive").

We hold, in sum, that the jury instruction given by the trial judge, focusing on the particular means by which the government alleged appellant had obstructed justice in this case, comported with the statutory definition of the offense.

*Affirmed.*

**3.** As the Report stated at page 2:
 Bill 9–385 ... hold[s] accountable those persons who seek to undermine the capability and integrity of the judicial process. It does so by expanding the scope of the current obstruction of justice statute to encompass the wide-range

of activities used by criminals to impede justice....

**4.** *See* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.81(A) (4th ed. 1993).