EDWARD A. MURPHY, PROSECUTOR, v. HOMER C. ZINK, COMPTROLLER OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted January 22, 1947—Argued April 15, 1947—Decided July 19, 1947.

Before Justices BODINE, WACHENFELD and BURLING.

For the prosecutor, *Milton, McNulty & Augelli* (*Anthony T. Augelli,* of counsel).

For the respondent, *Walter D. Van Riper,* Attorney-General.

The opinion of the court was delivered by

BURLING, J.  A writ of *certiorari* was granted to review the action of the respondent in rejecting the application of the prosecutor, Edward A. Murphy, for retirement from the position of legal assistant, grade I, in the Court of Chancery of the State of New Jersey and for a pension of one half of the annual salary received from said position.  The application by the prosecutor for retirement was granted and a pension was granted by an order of the Chancellor of the State of New Jersey, dated May 3d, 1946, which order was to become effective as of May 31st, 1946.

There are many statutory clauses and conditions for the retirement of public employees on pension and for the establishment and upkeep of pension funds.

The prosecutor asserts his right to be retired on pension pursuant to the provisions of chapter 4, with headnote "Veterans" of title 43, classified under "Pensions and Retirement," of the Revised Statutes and also chapter 175 laws of 1945, which is classified under title 38 "Militia-Soldiers, Sailors and Marines" and found in the cumulative pocket part under the following designation: *R. S.* 38:23A–3, under the headnote "Special Privileges and Exemptions of Persons in Military and Naval Service."

The respondent denies his right to be retired upon a pension upon two grounds: 1—that the prosecutor has failed to

show twenty years of service as required under the first act and 2—that the second act referred to has no application to the subject-matter of this controversy.

On October 16th, 1924, Murphy was appointed a building contracts and general clerk in the Hudson County clerk's office, and as such served continuously in the service of Hudson County until April 1st, 1930, at which time and as the result of a competitive Civil Service examination, he was transferred to the sheriff's office of said county as an assistant bookkeeper. He continued in the service of Hudson County as an assistant bookkeeper in the sheriff's office until May 1st, 1933, when, effective as of that date, he was granted a leave of absence from his county position to enter the service of the State of New Jersey.

On May 1st, 1933, Murphy was appointed to the position of confidential agent and sergeant-at-arms of the Court of Chancery of New Jersey, by the Chancellor, in which position he served continuously in the service of the state from the date of his appointment to the present time. The title of his position was changed by the Civil Service Commission to legal assistant, grade I, on July 1st, 1945, the change to be effective as of December 1st, 1944.

He is an honorably discharged veteran of World War I, and is also a veteran of World War II, he having been honorably relieved from active duty and having reverted to status of an inactive officer of the Army of the United States. He is incapacitated for the duties of his position of legal assistant, grade I in the Court of Chancery of New Jersey, because he is afflicted with a disease which examining physicians have termed "arthritis, chronic, osteoarthritic type" and the said disease is not curable. He was paid for his services as legal assistant, grade I, in the Court of Chancery a compensation of $5,100 per year.

The applicable sections of the Veterans' Pension Act as amended in 1944 are set forth in *R. S.* 43:4–1 and part of 2 and provide as follows:

"43:4–1. *Application of Chapter extended to certain veterans.* This chapter shall apply to and include persons serving in and honorably discharged from the military or naval

service of the United States, including nurses, in any war in which the United States is or has been engaged and in connection with the American punitive expedition or other intervention campaign or trouble with the Republic of Mexico during the administration of President Woodrow Wilson; provided, such designated persons shall have attained the age of sixty two years or become incapacitated after twenty years of continuous or aggregate service for the duties of their office or position or employment. As amended L. 1944, c. 211 p. 749 par. 1."

"43 :4–2. *Retirement of veterans; death in war; pensions.* When an honorably discharged soldier, sailor or marine has or shall have been for twenty years continuously or in the aggregate in office, position or employment of this state or of a county, municipality or school district or board of education, except in the case of teachers in the public schools, the body, board or officer having power to appoint his successor in case of vacancy may, with his assent, order his retirement from such service, or he shall be retired on his own request. * * *"

*R. S.* 43 :4–2 was amended by laws of 1947, chapter 279, by deletion of words "except in the case of teachers in the public schools."

The prosecutor, who possessed the other qualifications necessary to make him eligible for retirement had not spent twenty years in the service of the state. Eight years were spent in the service of the County of Hudson. The balance of the time, he was employed in the state service as an aide to the Chancellor. By adding together the time spent serving Hudson County to the time spent in the service of the state, prosecutor argues that he has the twenty years' service record required by the statute and therefore is eligible for retirement.

Respondent, on the other hand, contends that the statutory period of twenty years must all be spent in the service either of the state or of the county; and that the years spent serving the county may not be considered when, as here, the applicant seeks retirement from the state service.

The storm center revolves about the use in the statute of the word "or" in the phrase "employment of this state or of

a county, municipality or school district or board of education." Ordinarily the word "or" in a statute is to be considered a disjunctive particle indicating an alternative. There has been, however, laxity in the use of the words "or" and the conjunctive "and," so that the words are interchangeable and that one may be substituted for the other, if to do so is consistent with the legislative intent. 2 *Sutherland Statutory Construction* (*3d ed.*) 451. Refer to *Standard Underground Cable Co.* v. *Attorney-General* (*Court of Errors* 1889). 46 *N. J. Eq.* 270 (at *p.* 277); *Baum* v. *Cooper* (*Supreme Court*, 1944), 131 *N. J. L.* 574 (at *p.* 575).

The following language from the case of *State* v. *Murzda* (*Court of Errors and Appeals*, 1935), 116 *N. J. L.* 219 (at *p.* 222), is pertinent:

"* * * The purpose of judicial interpretation is the discovery of 'the true sense of the form of words which are used * * *. taking all its parts into consideration, and if fairly possible, giving them all effect.' *Orvil* v. *Woodcliff*, 64 *N. J. L.* 286. Whether the subject-matter of such interpretative inquiry be an agreement between parties, a statute, or a constitution, the object is 'the thought which it expresses.' *Newell* v. *People*, 7 *N. Y.* 9, 97."

The propriety of resorting to the legislative history of legislation to discover the meaning of ambiguous statutes is well recognized.

In *Sutherland's* work, at page 483, section 5002, is set forth:

"The history of the legislation is also an important aid. By history of the legislation, the courts mean the prior statutes on the same subject—the legal history of the statute."

Let us then proceed to examine the pertinent legislation. The original Veterans' Pension Act was enacted in 1906 and can be found as chapter 252 of the laws of 1906. It granted a pension to honorably discharged veterans of the Civil War. The title of that act reads as follows:

"An act to permit the retirement, on pension, from public office or position, after forty years' continuous service therein, of honorably discharged Union soldiers, sailors and marines who served in the war of the Rebellion."

The enacting clause provided in so far as relevant:

"1. Whenever any honorably discharged Union soldier, sailor or marine who served in the War of the Rebellion has or shall have been for forty years continuously in public office or position in this State, county, city, township or municipal service, it shall be lawful * * * to order his retirement from such service."

"3. Provision for all pensions arising under this act shall be made in the appropriation or tax levy for the department of the public service from which such person shall be so retired."

This statute required a veteran to have served "for forty years continuously in public office or position in this state, county, city, township or municipal service." The title of the act and the body are both phrased in general and broad language clearly indicating an intent to give a Civil War Veteran who had forty years continuous service, a pension if he met the requirements of the act, without regard to whether or not the continuous service was all with the state, county, city or municipality.

Section 3 of the 1906 statute is important. It places the burden for all such pensions on "the department of the public service from which such person shall be so retired." This shows a recognition on the part of the legislature that controversies might arise between various departments of the public service, for example, the state and a county, as to which should bear the cost of the pension when the veteran had put in part of the required forty years' service with both the state and a county.

This provision is found in R. S. 43:4–4 to-day and is an answer to the objection that it would be unfair to force the state to bear the burden of a veteran's pension when a part of his service had been with a county or municipality. The legislature has considered this and has placed the burden on the branch of public service where the veteran last served. Such a decision is clearly within the prerogative of the legislature and the wisdom of such a decision is not of importance as a guide to the construction of the statute. It is, however, important as indicating that as early as 1906, the legislature

had provided for the fixing of responsibility for the cost of the pension when the required service had not all been acquired exclusively with the state. And as such, it is convincing proof that both the 1906 act and the present statute contemplate giving a veteran credit for all service rendered to the state, the county or the municipality.

In 1910 this act was amended by *Pamph. L.* 1910, *ch.* 131, *p.* 222, which statute amended both the title and section 1 of the act. The title was amended as follows:

"An act to permit the retirement, on pension, from public office or position, after *twenty five* years' continuous or aggregate, service in public office or position of honorably discharged Union soldiers, sailors and marines who served in the War of the Rebellion."

Section 1 was amended as follows:

"1. Whenever any honorably discharged Union soldier, sailor or marine who served in the War of the Rebellion has or shall have been for *twenty five* years continuously or *in the aggregate* in public office or position in this State, county, city, township or municipal service, it shall be lawful * * * to order his retirement from such service, or he shall be retired upon his own request."

The italics in both cases indicate the nature of the amendment.

The reduction of the required period of continuous service from forty years to twenty-five years is unimportant for the purposes of this discussion, but the addition in the 1910 statute of the phrase "or in the aggregate" is significant. The phrase is still in the Veterans' Pension Act to-day as the same is set out in *R. S.* 43:3–2.

The word "aggregate" is a word which is in ordinary and common use and has a precise and well defined meaning. Webster's New International Dictionary, Second Edition, Latest Unabridged, defines the phrase "in the aggregate" as meaning "collectively; together." The addition to the Veterans' Pension Act of the words "in the aggregate" by *Pamph. L.* 1910, *ch.* 131, *p.* 222, is significant because it removes any doubt that the service required therein did not have to be rendered exclusively in a particular department of govern-

ment. The words "or in the aggregate" were carefully chosen and were used in their ordinary and precise meaning. They meet the situation which would arise where a veteran would render a total of twenty-five years' service to the state or its political subdivisions. Their use in the statute means that such service in two different departments should be considered "collectively" and "together."

By *Pamph. L.* 1911, *ch.* 291, *p.* 618, the title and body of *Pamph. L.* 1906, *ch.* 252, as amended, was again amended and the period of service was reduced to "twenty years continuously or in the aggregate in public office or position in this State, county, city, township or municipal service."

In 1912, by *Pamph. L.* 1912, *ch.* 84, *p.* 115, the legislature repealed these three prior acts but at the same time stated that the new general act should not be construed to affect beneficiaries drawing pensions at the time of the passage of said act. This 1912 statute re-enacted the laws as they stood as a new general act and the period of service required was stated to be "for twenty years continuously or in the aggregate in public office or position in this State, county, city, township or municipal service." One or two minor changes were made in other provisions of the law which are of no moment here.

Such was the status of the existing law at the close of World War I. At that time the legislature made provisions for the eligibility of veterans of World War I to pension rights under the then existing statute. It enacted *Pamph. L.* 1919, *ch.* 249, *p.* 599, as an independent general act extending these benefits by its title to "any person having served in the military or naval service in any war of the United States, and who has been honorably discharged therefrom." The enacting clause of this statute reads as follows:

"1. From and after the enactment of this act the provisions of any and all laws now in force concerning the retirement on pension after twenty years' continuous or aggregate service in public office or position of honorably discharged Union soldiers, sailors and marines shall be construed to apply to and include persons serving in and honorably discharged from the military or naval service of any war of the United States; provided, such persons shall have attained the age of sixty

two years, or shall have become incapacitated for the duties of their office or position."

This statute extended to the veterans of World War I the same pension rights that had previously been extended to the veterans of the Civil War under the 1912 act. It follows that the same construction that is urged here concerning the relevant provision of the 1912 act and its predecessors must be given to this 1919 act. In other words, the twenty years' service is to be totaled in the aggregate and does not necessarily have to be rendered exclusively in a particular department of the public service. This 1919 statute, however, fixed a minimum retirement age of sixty two years or permitted retirement for incapacity.

In 1924, the 1919 act was amended by *Pamph. L.* 1924, *ch.* 224, *p.* 492. The effect of this amendment was to include veterans of all Indian wars, campaigns, insurrections or uprisings, and veterans of any American Punitive Expedition or other intervention campaign or trouble with Mexico.

When the Revised Statutes of 1937 were being compiled the legislation dealing with the eligibility of veterans for retirement and pension was thus to be found in chapter 84 of the laws of 1912 and chapter 249 of the laws of 1919, as amended by chapter 224 of the laws of 1924, in the form described above. The two acts were re-enacted in the Revised Statutes as *R. S.* 43:4–1, *et seq.*

While *R. S.* 43:4–1 had its origin in chapter 84 of the laws of 1912 and *R. S.* 43:4–2 its origin in chapter 249 of the laws of 1919, the express language of the 1919 statute indicated that it was directly related to the 1912 act and that the one depended on the other, a view sustained by the Supreme Court in *Kelly* v. *Kearins* (*Supreme Court,* 1944), 132 *N. J. L.* 308, 312; 40 *Atl. Rep.* (2d) 345, where the court said:

"While *R. S.* 43:4–1 and *R. S.* 43:4–2 have for their source independant statutes, nonetheless, we do not regard them as unrelated statutes. On the contrary we hold them to be 'cognate' statutes."

Part of the language which the revisors had before them from chapter 84 of the laws of 1912, read as follows:

"* * * shall have been for twenty years' continuously or in the aggregate in public office or position in this State, county, city, township or municipal service, * * *."

The language of the same section of the 1912 act as it appeared in the Revised Statutes, R. S. 43:4–2, before the 1943 and 1944 amendments, read as follows:

"* * * shall have been for twenty years continuously or in the aggregate in public office or position in the state or in the service of a county or municipality thereof, * * *."

This change in phraseology happened during the Revision of the Statutes. As pointed out above the inclusion of the phrase "or in the service of a" between the words "state" and "county" as those two words appeared in the 1912 act, together with the subsequent omission of the words "in the service of a" in the 1944 amendment, has created the basis for an argument that service with the state cannot be added to service with a county or municipality so as to provide the necessary twenty years' service that a veteran must have to qualify for retirement under the Veterans' Pension Act.

Such a change in the phraseology of the act is not sufficient to overcome the heretofore clear intent of the legislature that such service could be combined. This is so because the substitution of the word "or" in place of commas does not of itself change the intention of the statute, the rule being that when the word "or" is so used to connect a series of words in the permission or prohibition of a given act, "or" may be construed to mean "and" when such a construction is necessary to make the statute express the true legislative intent. *Price* v. *Forrest* (*Court of Errors,* 1806), 54 *N. J. Eq.* 669, 683.

The change in phraseology is not sufficient to overcome the heretofore clearly expressed intent of the legislature to permit a combination of all service in public office or position in that the change was made in the compiling of the Revised Statutes and not by the legislature through the medium of a specific amendment. While the Revision is a wholly independent enactment and supersedes all pre-existing general laws, *State* v. *Czarnicki* (*Supreme Court,* 1940), 124 *N. J. L.* 43, 45; nevertheless, it is the rule that a re-arrangement of the statutes, in a general revision of the law, does not usually change

the statute's significations. *Pomeroy* v. *Mills* (*Court of Errors*, 1883), 37 *N. J. Eq.* 578, 580. Moreover a mere change in words or phraseology in a general revision does not change its effect, unless there is evidence of a legislative intention to work a change. *Leonard* v. *Leonia Heights Land Co.* (*Court of Errors and Appeals*, 1913), 81 *Id.* 489, 492.

There is a presumption against a legislative intent to effect a change in substance by a revision of the general laws. Mere changes in phraseology and even the omission of words, does not of necessity overcome the presumption. The intention to effect a change in substance must be expressed in language excluding a reasonable doubt. See *Burdett* v. *Municipal Employees, &c., Newark* (*Court of Errors and Appeals*, 1940), 129 *N. J. L.* 70, 72; *Peters* v. *Public Service Corporation* (*Court of Chancery*, 1940), 132 *N. J. Eq.* 500; *affirmed*, 133 *Id.* 283.

The revision of 1937, *R. S.* 1:1-5, 1:1-4 and 1:1-10, expressly restates the application of this canon of construction. *Rutgers Chapter of Delta Upsilon Fraternity, &c.*, v. *New Brunswick* (*Supreme Court*, 1942), 129 *N. J. L.* 238, 244; *affirmed*, 130 *Id.* 216.

The change in phraseology made in the Veterans' Pension Act during the compilation of the Revised Statutes, cannot be sufficient to overcome the effect of the legislative history of the legislation which shows that it was the intention of the legislature that a veteran should receive credit towards the necessary number of years service for retirement from both his service with the state and his service with the county.

Any other construction of *R. S.* 43:4-1. *et seq.*, would violate certain well known rules of statutory construction. For example, a construction to the effect that service with the state cannot be added to service with a county in order to meet the requirements of the Veterans' Pension Act, would mean that the phrase "in the aggregate" as the same is used in *R. S.* 43:4-2, would have to be ignored. As discussed earlier, such a phrase contemplated just the situation where the required twenty years' service was a composition of state and county and municipal service. It has been pointed out in *Sutherland's Statutory Construction* (cited *supra*), § 4705:

"It is an elementary rule of construction that effect must

be given, if possible, to every word, clause and sentence of a statute (citing *Kent's Commentaries* (13th ed., 1884) 462)."

Moreover as pointed out above, unless the construction urged by the prosecutor is accepted, the significance of that portion of *R. S.* 43:4–4 which reads: "provisions for all pensions arising under this article shall be made in the appropriation or tax levy for the department of public service from which the person shall be retired," would be lost. There is no need for the above quoted provision if the veteran's entire twenty year service must be either with the state, or the county, or the municipality. The inclusion in this law of the words "tax levy" is added proof that the legislature gave consideration to the fact that a situation might arise where part of the service was with the state and part with the county or municipality. A department of the state, such as the Attorney-General's office, or the Fish and Game Commission, does not have a "tax levy." Their funds are raised by the state under the particular department's appropriation. But a county or a municipality does have a "tax levy." The use of both the term "appropriation" and "tax levy" in *R. S.* 43:4–4 indicates that the legislature was aware that the last part of the combined service of the veteran might be with a county or municipality which would have to bear the burden of the pension and would do so by raising the necessary funds in its "tax levy."

The conclusion thus is inescapable both from the entire history of the earlier Veterans' Pension Acts and the language of the present statute itself that it is immaterial whether the veteran who otherwise meets the requirements of *R. S.* 43:4–1, *et seq.*, has served twenty years exclusively with the state, or whether his required twenty years of service consists of a combination of service with the state and a county, as in the case of the prosecutor. In either event, he is entitled to retire if he meets the other requirements of the statute and there is no dispute as to him having done so.

This determination makes unnecessary the resort to the construction and effect of chapter 175, laws of 1945 now found in *R. S.* 38:23A–3.

The action of the respondent was improper and is set aside, without costs.