151 N.J. Super. 435 (1977)
376 A.2d 1325
RED BANK REGIONAL EDUCATION ASSOCIATION, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
RED BANK REGIONAL HIGH SCHOOL BOARD OF EDUCATION, A BODY CORPORATE AND POLITIC, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1977.
Decided July 13, 1977.
*437 Before Judges FRITZ, ARD and PRESSLER.
Mr. Peter S. Falvo, Jr. argued the cause for appellant (Messrs. Morgan & Falvo, attorneys; Ms. Patricia Del Bueno, on the brief).
Mr. Robert H. Otten argued the cause for respondent (Messrs. Crowell and Otten, attorneys).
PER CURIAM.
This appeal concerns an important aspect of labor law. It is clear that under N.J.S.A. 34:13A-5.3 a public employer must negotiate the establishment of grievance procedures whereby there may be an "appeal [from] the interpretation, application or violation of policies, agreements, and administrative decisions." It is not disputed that these must provide for the right of an individual employee to process his or her grievances and for the right of the representative organization to process its grievances. The question here presented is whether that statute mandates the right of the representative organization to initiate and process a grievance on behalf of the individual employee even in the event the employee chooses not to process a grievance on his or her own behalf. The trial judge, holding that "the grievance [is] a personal right belonging to the individual," answered that question in the negative. With acknowledgment that the matter is a difficult and close one of statutory interpretation, we reverse.
*438 The statute reads as follows:
Public employers shall negotiate written policies setting forth grievance procedures by means of which their employees or representatives of employees may appeal the interpretation, application or violation of policies, agreements, and administrative decisions affecting them, provided that such grievance procedures shall be included in any agreement entered into between the public employer and the representative organization. Such grievance procedures may provide for binding arbitration as a means for resolving disputes. Notwithstanding any procedures for the resolution of disputes, controversies or grievances established by any other statute, grievance procedures established by agreement between the public employer and the representative organization shall be utilized for any dispute covered by the terms of such agreement.
Both parties agree, and it is axiomatic, that resolution of the question depends on an ascertainment of legislative intent. Toward that end the trial judge and the parties there and before us focused largely on the meaning of the disjunctive "or" in the phrase "their employees or representatives." We believe such an effort to be particularly unrewarding here, if for no other reason than that while "or" generally has been thought to indicate a disjunctive alternative, Murphy v. Zink, 136 N.J.L. 235, 239 (Sup. Ct. 1947), aff'd o.b. 136 N.J.L. 635 (E. & A. 1948); State v. Kress, 105 N.J. Super. 514, 520 (Law Div. 1969), corresponding with the word "either," Saveriano v. Saracco, 97 N.J. Super. 43, 46 (App. Div. 1967), it may be used interchangeably with the conjunctive "and" if "consistent with the legislative intent." Murphy v. Zink, supra, 136 N.J.L. at 239. Beyond this, the literal meaning of words should give way to an effectuation of the purpose of the Legislature when to accord those words their usual or dictionary meaning would be to offend the purpose. Continental Cas. Co. v. Knuckles, 142 N.J. Super. 162, 167 (App. Div. 1976).
Accordingly, we are satisfied that a more fruitful endeavor is to establish the purposes the Legislature had in mind when the statute was enacted and then to construe the statute so as to effectuate those purposes. In this effort we restate the *439 question involved: was it the intention of the Legislature (and thus of the statute) in the collective bargaining arena to provide an available grievance procedure in all cases involving "the interpretation, application or violation of policies, agreements, and administrative decisions"? A converse restatement might inquire as to whether the Legislature intended to limit grievance rights to situations where individuals wanted to, were in a position to, were unafraid to and were disposed to file a grievance. The question thus stated and considered in the sweep of the constitutional right to collective bargaining (N.J. Const. (1947), Art. I, par. XIX) and the New Jersey Employer-Employee Relations Act loses some of its difficulty.
We observe that the latter act "evidences a clear legislative intent that disputes over contractual terms and conditions of employment should be solved, if possible, through grievance procedures." Red Bank Bd. of Ed. v. Warrington, 138 N.J. Super. 564, 572 (App. Div. 1976). The same act seeks harmony in employer-employee relationships through invariable collectivity, at least insofar as negotiations are concerned, rejecting disparity which divides. Belen v. Woodbridge Tp. Bd. of Ed., 142 N.J. Super. 486 (App. Div. 1976).
In fact, collectivity was the goal of the constitutional right, whose purpose has been said to secure to employees collectively the right to get together to select representatives to present their grievances. Lullo v. Internat'l Ass'n of Fire Fighters, 55 N.J. 409, 420 (1970).
We cannot conceive that the Legislature would on the one hand forcefully implement the constitutional guarantee of the benefits of collectivity in negotiation and then totally shortcircuit the system by requiring individual activity at the moment of truth when the results of the collective bargaining came into question. Such a construction would challenge the integrity of the collectively bargained contract and insult legislative purpose.
*440 From a strictly pragmatic viewpoint we can think of many reasons causing a teacher to resist the individual filing of a grievance, among which might be a wholly salutary concern for her relationship and effectiveness with her students, or, less altruistically, a human concern for nontenure status. Redress for a violation should not "be made contingent upon the intrepidity of the individual employee." Industrial Union of Marine & Shipbuilding Wkrs. v. N.L.R.B., 320 F.2d 615, 619 (3 Cir.1963), cert. den. 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472 (1964).
Reversed. No costs.