234 N.J. Super. 202 (1989)
560 A.2d 722
RUTGERS CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT,
v.
STATE FARM MUTUAL INSURANCE COMPANY, LINDA ROBINSON, LINDA HENNESSEY AND THOMAS COPPOLA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1989.
Decided June 26, 1989.
*203 Before Judges GAULKIN, R.S. COHEN and A.M. STEIN.
Susan L. Moreinis argued the cause for appellant.
David B. Wright argued the cause for respondent State Farm Mutual (Chierici & Wright, attorneys).
*204 Denise P. Weinstein argued the cause for respondent Linda Hennessey.
The opinion of the court was delivered by R.S. COHEN, J.A.D.
This is a fight between two auto insurers over whose uninsured motorist (UM) coverage should pay the medical expenses of an injured passenger, Linda Hennessey.
Hennessey lives in Pennsylvania. She owns an auto registered and principally garaged there and insured by defendant State Farm Mutual Insurance Company, with UM limits of $50,000/100,000.[1] The accident was in Pennsylvania, while Hennessey occupied a New Jersey auto owned by a New Jersey resident, Linda Robinson, and insured by Rutgers Casualty Insurance Company, with UM limits of $15,000/30,000.
The accident occurred after Robinson, Hennessey and another woman, all nurses, came upon an earlier road accident and stopped to render aid. Robinson and, later, the third woman left the car to see if they could help. A man who was involved in the accident came and sat down in the Robinson car. He then unexpectedly drove the car away, with Hennessey an unwilling passenger, and struck a telephone pole, injuring Hennessey. The man was uninsured.
Hennessey unsuccessfully sought UM benefits from both carriers. State Farm took the position that under Pennsylvania law it was obliged to pay only after exhaustion of the primarily liable policy covering the host vehicle. Rutgers argued that, pursuant to New Jersey law, it and State Farm were both primarily liable on a pro rata basis.
In this action brought by Rutgers to break the logjam, both insurers moved for summary judgment. The Law Division *205 ruled that Pennsylvania law applied to the interpretation of both policies because Pennsylvania had the greater interest in the matter, and its law best met the parties' expectations. It made Rutgers the primary carrier and permitted stacking of the State Farm coverage after the Rutgers benefits were exhausted, a result that comported with Pennsylvania law but not New Jersey's. Rutgers appealed, and we now affirm, but for different reasons.
This is an unusual example of a common problem. Auto insurance policies are written to satisfy particular states' requirements for autos registered and garaged there. Autos also travel through other states, where different requirements exist for policies covering local vehicles or even for policies covering visiting out-of-state autos. Policies commonly provide the coverage demanded by the financial responsibility laws of any state in which the auto is operated. But they ordinarily do not promise to meet every requirement made of local auto policies if not expressly made applicable to out-of-state cars, or to adopt the whole body of insurance law of each state visited for the period of the stay. As our Supreme Court said in 1980 about New Jersey law:
Current state statutes do not reveal a legislative scheme to protect New Jersey residents by specifically imposing upon out of state, insured, and financially-responsible drivers, who are not otherwise directly subject to our mandatory insurance laws, the same or identical level of insurance liability protection required of New Jersey motorists. [State Farm Ins. Co. v. Simmons' Estate, 84 N.J. 28, 42-43 (1980)].
But see N.J.S.A. 17:28-1.4, subsequently enacted for the purpose of imposing New Jersey standards on out-of-state policies written by carriers licensed by New Jersey during the covered auto's visit here.
The Law Division treated the case as though it presented a conflict of law problem like State Farm Ins. Co. v. Simmons' Estate, supra. There the issue was whether omnibus clause policy language should be interpreted according to the more liberal decisional law of New Jersey, where the accident happened, or the more restrictive decisional law of Alabama, where *206 the policy was issued. The New Jersey Supreme Court held for Alabama law. It said:
[I]n an action involving the interpretation of an automobile liability insurance contract, the law of the place of the contract will govern the determination of the rights and liabilities of the parties under the insurance policy. This rule is to be applied unless the dominant and significant relationship of another state to the parties and the underlying issue dictates that this basic rule should yield. [84 N.J. at 37].
Compare Parker v. State Farm Ins. Co., 543 F. Supp. 806 (E.D.Pa. 1982).
The UM section of the Rutgers policy says:
If there is other similar applicable insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.
The policy is consistent with N.J.S.A. 17:28-1.1c, which prohibits stacking of UM coverages and prescribes proration according to limits of coverage.
The UM section of the State Farm policy says:
If the insured sustains bodily injury while occupying a vehicle which is not your car, this coverage applies as excess to any other uninsured motor vehicle coverage.
The Pennsylvania statute, 75 Pa. C.S.A. § 1731, says:
Where multiple policies apply, payment shall be made in the following order of priority:
(1) A policy covering a motor vehicle occupied by the injured person at the time of the accident.
(2) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.
Each of the parties' policies was written to satisfy a state statute governing auto insurance written for vehicles registered and garaged in that state. Each of the policies directs that UM coverage be furnished in a manner inconsistent with the other. New Jersey purports to impose its UM insurance requirements on policies written by insurers licensed in New Jersey covering visiting vehicles from another state, N.J.S.A. 17:28-1.4; Pennsylvania has a statutory provision having much the same purpose. 75 Pa. C.S.A. § 1782(b)(2). We need not decide whether the Pennsylvania provision validly controls the *207 Rutgers policy, because the outcome of this case is not affected.[2]
Pursuant to State Farm Ins. Co. v. Simmons' Estate, supra, we apply New Jersey law to the Rutgers policy and Pennsylvania law to the State Farm policy. Doing so yields what first appears to be an inconsistency, i.e., the Rutgers policy seeks to pay only pro rata, while the State Farm policy seeks to pay only on an excess basis. On further examination, however, the problem is seen to be a familiar one which New Jersey and Pennsylvania have both solved in the same way. Where a liability insurance policy with a pro rata clause faces a policy with an excess clause, the pro rata policy has no other insurance to prorate with and therefore becomes primary. The policy with the excess clause is not liable until the primary policy has paid to the extent of its policy liability. Avemco Ins. Co. v. United States Fire Ins. Co., 212 N.J. Super. 38, 47 (App.Div. 1986); Speier v. Ayling, 158 Pa.Super. 404, 45 A.2d 385 (1946). This is the prevailing rule. See 8A Appleman, Insurance Law and Practice, § 4909.25 (1981).
Whenever the Rutgers policy applies to an accident, outside of New Jersey, which another auto policy covers on an excess basis according to the law of the state of contracting, the Rutgers policy's proration clause must fail. State Farm's excess clause thus is effective, as it was intended to be.
The judgment below is affirmed. The question of prejudgment interest has been resolved by the parties and is not before us.
NOTES
[1] The stated limits were 15/30 but the policy was reformed, in a decision not challenged here, to afford the higher coverage.
[2] On the issue of the authority of a state to impose its law on auto insurance policies written for visiting out-of-state autos, see Watson v. Employers Liability Assur. Co., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954), rehearing denied 348 U.S. 921, 75 S.Ct. 289, 99 L.Ed. 722 (1955); Deel v. Rizak, 474 F. Supp. 45 (D.Del. 1979); Petty v. Allstate Ins. Co., 290 N.W.2d 763 (D.Minn. 1980); Ohio Cas. Ins. Co. v. Continental Ins. Co., 101 Misc.2d 452, 421 N.Y.S.2d 317 (Sup.Ct. 1979).